UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WESCO INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:24-cv-00038 |
| | § | |
| PROJECT LONESTAR INC. D/B/A | § | |
| DAIRY QUEEN, | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Wesco Insurance Company ("Wesco") files this Original Complaint for Declaratory Relief and would show the following:

**I.   INTRODUCTION**

1. This is an insurance coverage action regarding coverage for claims made by Defendant Project Lonestar Inc. D/B/A Dairy Queen ("Lonestar") under an insurance policy Wesco issued to Lonestar. Wesco seeks a declaration that the Policy purchased by Lonestar has no duty to satisfy the claims raised by Lonestar for the betterments and improvements on and in the property unless they were acquired or made at Lonestar's expense.

**II.   PARTIES**

2. Plaintiff Wesco is a corporation organized under the laws of the State of Delaware with its principal place of business in New York. Thus, for diversity purposes, Wesco is a citizen of both New York and Delaware.

3. Defendant Lonestar is a corporation organized under the laws of the State of Wyoming with its principal place of business in Texas. Thus, for diversity purposes, Lonestar is a citizen of Wyoming and Texas. Lonestar is the named insured under the Wesco Policy at issue.

### III. JURISDICTION & VENUE

4. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of both Delaware and New York and Defendant is a citizen of Wyoming and Texas. Thus, the Parties are completely diverse. Moreover, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. This Court has personal jurisdiction over the Defendant because it is a citizen of Texas.

6. Venue is appropriate under 28 U.S.C. § 1391(b)(2) in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district and division.

### IV. BACKGROUND

7. Lonestar is the Named Insured under an insurance policy issued by Wesco with effective dates of August 10, 2021 – August 10, 2022, bearing policy number WPP1929037 00 (the "Policy").

8. The Policy insures Lonestar's interests in scheduled properties.

9. Included in the properties scheduled on the policy is a property leased by Lonestar at 2305 Atkinson Dr., Lufkin Texas 75901 (the "Property").

10. The Policy provides, in addition to other coverages, business personal property coverage for the improvements and betterments located on and in the Property as set out in the Policy.

11. On or about August 1, 2022, Lonestar made a claim under the Wesco Policy for fire damage to the Property that allegedly occurred on or about July 29, 2022.

12. Wesco timely commenced an investigation into the damage and sought information from Lonestar regarding the cause and scope of the damage being claimed under the Wesco Policy.

13. Wesco assigned claim number 3533212 to Lonestar's claim (the "Claim").

14. As part of this investigation, Wesco learned that Lonestar was making a claim for damages to Lonestar's business personal property that was allegedly damaged in the fire.

15. It is these damages caused by the fire for which Lonestar made the claim, claim number 3533212 (the "Claim") which forms the basis of this suit.

16. Upon learning the foregoing facts, and as part of its timely investigation into the Claim, Wesco issued a reservation of rights letter dated August 11, 2022 to Lonestar, advising of the potential coverage limitations under the Policy.

## V.     THE POLICY

17. The terms, conditions, definitions, exclusions and other provisions of the Policy are fully incorporated herein by reference.  The Policy provides limited coverage for the Claim.

18. Wesco would show that some of the damages for business personal property– specifically regarding the improvements and betterments on and in the Property– claimed by Lonestar, do not fall within the scope of the coverage provided by the Policy and/or fall within exclusionary provisions or limitations of the Policy. Specifically, Wesco would show that the Policy provides the following, in relevant part:

> **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
>
> **A. COVERAGE**
>
> **b. Your Business Personal Property** consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater:

      **(1)** Furniture and fixtures;
      **(2)** Machinery and equipment
      **(3)** "Stock";
      **(4)** All other personal property owned by you and used in your business;
      **(5)** Labor, materials or services furnished or arranged by your on personal property of others;
      **(6)** Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations, or additions:

          **(a)** Made a part of the building or structure you occupy but do not own; and
          **(b)** You acquired or made at your expense but cannot legally remove;

      \* \* \*

19.    Based on the foregoing provisions, Wesco will show that of the damages alleged by Lonestar arising out of the Claim, the only improvements and betterments covered under the Policy are those that are located in or on the Property and *were acquired or made at Lonestar's expense*.

20.    To date Wesco has paid to Lonestar not less than $_____ under the Policy based upon the damage determined by Wesco to come within the scope of the coverage purchased by Lonestar.

21.    Based upon the information obtained in the investigation to date, Lonestar is also seeking coverage for over $600,000 in allegedly damaged portions of the Property that are not afforded coverage under the Policy.

22.    Specifically, Lonestar has presented Wesco with an estimate that it contends represents items that qualify for coverage. Wesco disputes that these items qualify.

### VI.    COUNT ONE: DECLARATORY JUDGMENT —LIMITED COVERAGE

23.    The foregoing Paragraphs 1 through 19 are incorporated herein by reference.

24.    An actual and justiciable controversy exists between Wesco and Lonestar concerning their respective rights and liabilities under the Policy.

25. Pursuant to the Policy, in addition to the payments previously made, coverage is limited for the damage claimed by Lonestar to the betterments and improvements on and in the Property as set out by the foregoing policy limitations.

26. Wesco therefore seeks a declaration pursuant to 28 U.S.C. § 2201 that it only has the duty to provide coverage for the claims raised by Lonestar to the betterments and improvements that were acquired or made at Lonestar's expense, for the reasons set forth above.

## VII. RESERVATION TO AMEND

27. Wesco reserves the right to amend this action as necessary and to include any additional claims that may be made.

## VIII. PRAYER

WHEREFORE, Plaintiff Wesco Insurance Company prays for a declaration that the Wesco Insurance Company policy purchased by Lonestar only provides coverage for the claim for damage occurring on or about July 29, 2022 to the betterments and improvements that were *acquired or made at Lonestar's expense*, as set forth above and for any further relief to which it is justly entitled.

Respectfully submitted,

*/s/Stephen A. Melendi*
Stephen A. Melendi
Texas State Bar No. 24041468
stephenm@tbmmlaw.com
Stephen L. Dobbs
Texas State Bar No. 24105807
stephend@tbmmlaw.com
**Tollefson Bradley Mitchell & Melendi, LLP**
2811 McKinney Ave., Suite 250
Dallas, Texas 75204
Telephone: (214) 665-0100
Facsimile: (214) 665-0199
**ATTORNEY FOR PLAINTIFF**