UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WESCO INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 9:24-cv-00038-MJT |
| PROJECT LONESTAR INC. D/B/A DAIRY QUEEN, | § § § § § | |
| Defendant | § § § § | |
| RECTEM INVESTMENTS, LLC and PELE, LLC, | § § § § | |
| Intervenor Plaintiffs, | § § § | |

**INTERVENOR PLAINTIFFS RECTEM INVESTMENTS, LLC'S AND PELE, LLC'S RULE 55 MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PROJECT LONESTAR, INC.**

Intervenor Plaintiffs Rectem Investments, LLC and Pele, LLC ("Plaintiffs"), through their undersigned attorneys, Goodspeed Merrill, state as follows for their Rule 55(a) Motion for Entry of Default:

## INTRODUCTION

Over the past several months, Defendant Project Lonestar has consistently manifested a decision that it is not defending this case. Its own attorneys have not been able to contact Project Lonestar for months. It has repeatedly ignored this Court's Orders. Its absolute refusal to furnish core discovery has impeded Plaintiffs' ability to prepare for trial. Nothing in the events of the past

1

**RULE 55 MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PROJECT LONESTAR, INC.**

several months provides even a glimmer of evidence that Project Lonestar intends to defend this matter or appear at trial on January 26, 2026. Plaintiffs respectfully submit that, based on the body of evidence before this Court, entry of default is wholly appropriate at this time. This entry of default should in no way surprise Project Lonestar. Default would save substantial judicial time and resources, as well as prevent the further expenditure of time and resources by Plaintiffs for a full jury trial that, almost beyond a doubt, will never occur.

## CASE BACKGROUND

Plaintiffs leased real property located at 2305 Atkinson Dr., Lufkin, Texas 75901 (the "Property"), including a building and the underlying ground, to Lonestar pursuant to a written lease (the "Lease"). [ECF Doc. 45, ¶¶ 8-15]. Lonestar operated a Dairy Queen at the Property. The Lease requires Lonestar to obtain insurance covering the Property, including the building, and, in the event of a loss, "make all needed repairs to and replacements of the [Property], interior and exterior, structural and nonstructural, ordinary and extraordinary." [*See* ECF Doc. 42-2, § 9.1]. The Lease similarly requires Lonestar to hold any insurance benefits in escrow, make the escrowed funds available to repair or replace the Property, and pay property taxes. *Id.* at §§ 13.4, 6.1. The building burned down on July 29, 2022 (the "Loss"). Still, Lonestar did not repair or replace the property, and Plaintiffs later discovered that Lonestar did not obtain an insurance policy covering the Property. Conversely, Lonestar did manage to extract $1.3 million from Wesco Insurance Company for non-structure losses. Lonestar applied none of these insurance proceeds toward repairing or replacing the building.

2

**RULE 55 MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PROJECT LONESTAR, INC.**

## ARGUMENT

**I.     Case law amply supports the Entry of Default for Failure to Defend**

F.R.C.P. 55(a) provides, in pertinent part, "(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." F.R.C.P. 55(a)(emphasis supplied). Defendant Project Lonestar's systematic failure over the past several months to provide or participate in discovery, obey Court Orders, or even communicate with its now-withdrawn counsel, amply demonstrates its failure to defend this case. Default is more than warranted.

In *Sindhi v. Raina,* 905 F.3d 327 (5th Cir. 2018), the court noted the "well-settled principle that a district court may 'enter default judgment pursuant to Rule 55 for a failure of a party to comply with court rules of procedure.'" *Sindhi,* 905 F.3d at 332 (quoting *United States v. Dajj Ranch,* 1993 WL 82260, at *2 (5th Cir. 1993)). In *Sindhi*, the appellate court affirmed the trial court's grant of default where the Defendant failed to abide by local rules and the district court's orders that Defendant: (a) file a required statement of interested parties; and (b) appear by properly qualified (local and pro hac vice-admitted) counsel. *See Sindhi,* 905 F.3d, at 330, 332.

In *McGrady v. D'Andrea Elec., Inc.*, 424 F.2d 1000 (5th Cir. 1970)(per curiam), the Fifth Circuit affirmed the trial court's grant of default judgment against a defendant who failed to defend. *McGrady*, 424 F.2d at 1001. The *McGrady* defendant arguably filed an answer to the Complaint, but then failed to attend a Court-noticed pretrial conference. *Id*. The *McGrady* court held that, irrespective of whether the defendant's answer sufficed, "[t]he record in this case discloses sufficient evidence of appellant's delay and failure to comply with court rules to justify the entry of a default pursuant to F.R.Civ.P. Rule 55." *Id*. "There is ample authority to uphold a

3

**RULE 55 MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PROJECT LONESTAR, INC.**

district court's powers to order entry of a default for failure to comply with court orders or rules of procedure." *Id*. (citing *Flaska v. Little River Marine Const. Co.*, 389 F.2d 885 (5th Cir. 1968)).[1]

Similarly, the appellate court in *Ackra Direct Marketing Corp. v. Fingerhut Corp*, 86 F.3d 852 (8th Cir. 1996), affirmed a grant of default judgment for failure to defend. In *Ackra,* the defendant (Ackra Corp.): (a) "delayed the discovery process by submitting late and non-responsive discovery answers and by failing to produce some discovery altogether," (b) suffered the withdrawal of counsel for conflicts of interest and failure to pay legal expenses; (c) failed, despite the trial court's order, to timely appoint new counsel; (d) failed to participate in pre-trial; and (e) failed to attend the final pre-trial conference. *Ackra*, 86 F.3d at 854-55. The appellate court affirmed the trial court's grant of a default judgment for failure to defend pursuant to F.R.C.P. 55(a), holding that "[d]efault judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Id.* at 856 (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)).

A corporate entity's failure to obtain counsel, standing alone, suffices to justify entry of default. In *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305 (2nd Cir. 1991), the court upheld the entry of default against a corporate entity that, after withdrawal of its counsel, failed to appoint

---

[1] Were Defendant to respond to this Motion, it might cite the Court to *Bass v. Hoagland,* 172 F.2d 205 (5th Cir. 1949) as standing for the proposition that no default is possible once a Defendant answers. Subsequent cases have made clear that *Bass* stands for the proposition that, in entering a default judgment, a Defendant's due process rights must be observed, not for the proposition that no default judgment may be entered after a Defendant has answered. *See, e.g., Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1027 (5th Cir. 1982)(noting that the *Bass* court relied upon the defendant's lack of knowledge of the trial date, the lack of notice to defendant prior to the entry of default, and that the defendant was "fraudulently not informed of the judgment until more than two years after it was entered" to determine that a denial of due process had occurred); *In re Allegro Law LLC*, 545 B.R. 675, 707-710 (M.D. Ala. 2016)(extensively analyzing *Bass* and concluding that the *Bass* court's opinion applies upon a deprivation of due process). As the notice-related due process concerns which motivated the *Bass* court are not present in this case, *Bass* does not counter Plaintiffs' request for relief here.

4

**RULE 55 MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PROJECT LONESTAR, INC.**

substitute counsel. *See Eagle Assoc.*, 926 F.2d at 1307. After concluding that the corporate defendant could not appear *pro se* (*id.,* at 1309-10), the appellate court held that "it was appropriate to enter a default judgment" when the corporate defendant willfully disregarded the trial court's order to obtain counsel, as "such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" *Id.*, at 1310 (quoting F.R.C.P. 55(a)). In an analogous matter, the Fifth Circuit Court of Appeals affirmed dismissal of a corporate plaintiff's claims where the plaintiff refused to appear through counsel. "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C. §] 1654 is that they must be represented by licensed counsel." *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53, 55 (5th Cir., 1982). This failure to appear through counsel justified dismissal of the Plaintiff's claims. *Id.*, at 56.

II. **Project Lonestar's Conduct Far Exceeds the Minimum Necessary to Demonstrate a Failure to Defend.**

Plaintiffs respectfully submit that Defendant Project Lonestar has repeatedly and consistently made it clear that it does not intend to obey this Court's Orders or otherwise defend this case. The factual record is replete with consistent evidence.

- **Project Lonestar has not communicated with its own counsel in months.** According to Defendant's now-withdrawn counsel, as of December 3, 2025, counsel had not heard from their client in "over three months." Exh. A, (McDevitt email to Kimberly Race, et al. re case status.)

- **Project Lonestar has failed to attend a scheduled deposition.** Despite both prior notice, and notice at the commencement of the deposition, neither Defendant nor its counsel appeared at the October 14, 2025 deposition of Chris Croisdale. Exh. B, (Email thread

- between Plaintiff's counsel and Defendant's counsel re non-appearance at Croisdale deposition.)

- **Project Lonestar has failed to comply with this Court's discovery Orders.** Defendant has failed to properly comply with the Court's June 26, 2025, Order regarding discovery. *See* Plaintiffs' Motion to Compel and for Sanctions [ECF Doc.82] ("Plaintiffs' Motion for Sanctions").

- **Project Lonestar has failed to produce a corporate designee for deposition.** Defendant has failed to produce a corporate designee for deposition despite proper notice. *See id.*

- **Project Lonestar disregarded this Court's Order to appear at the November 5, 2025, Telephonic Status Conference.** On October 22, 2205, this Court ordered "that a representative of Defendant Project Lonestar Inc. with authority in this matter" participate in the Court's telephonic status conference set for November 5, 2025. Order Setting Telephonic Status Conference, [ECF Doc. 80] Defendant ignored that Order. *See* Minute Order, [ECF Doc. 84] ("Court notes no representative from Defendant, Project Lonestar, present for this Conference as ordered by Court.")

- **Project Lonestar has failed to respond to or oppose critical motions.** Defendant's Opposition to Plaintiffs' Motion to Compel and for Sanctions ([ECF Doc. 82], filed 11/3/25) was due on November 17, 2025; Defendant has not filed any response.

Moreover, Defendant has known, since at least October 13, 2025, that its counsel intended to withdraw. *See* Lovein Ribman Motion to Withdraw [ECF Doc. 79], at ¶4. Defendant, as a corporate entity, cannot proceed *pro se*. *See Southwest Exp. Co.*, 670 F.2d at 55. Yet, as of the date of this Motion, over two months after Defendant was made aware of the need for new counsel, Defendant remains unrepresented and unresponsive.

### III. Defendant's conduct has prejudiced Plaintiffs

Defendant's repeated failures to abide by the Rules have prejudiced Plaintiffs. The failure to properly respond to discovery, including defiance of the Court's June 26, 2026, Order to supplement, leaves Plaintiff with incomplete discovery from Defendant. Project Lonestar's failure to produce a corporate deponent has deprived Plaintiffs of a core means of obtaining essential facts and has left Plaintiffs to pursue substitute sources for critical evidence. Project Lonestar's refusal to appear also deprived Plaintiffs of the ability to secure critical admissions on key elements of Plaintiffs' claims. Plaintiffs continue to expend significant time and resources preparing for a January jury trial because, unlike Defendant, Plaintiffs take their obligations under the Rules and this Court's Orders seriously.

Plaintiffs respectfully submit that Defendant's failure, over the past two months, to obtain new counsel, standing alone, constitutes a "failure to defend" justifying default, as does Defendant's refusal to participate in core discovery. Defendant's contumacious violation of at least two Court Orders, without more, merits default. Defendant cannot participate in this case without counsel but has shown no effort or inclination to appoint counsel despite months of opportunity. Putting all of these failures and refusals together paints a clear, compelling, and incontrovertible picture of a party that has failed to defend within the meaning of F.R.C.P. 55(a), and that has no intention of changing course.

### CONCLUSION

Plaintiffs respectfully submit that entry of default is fully appropriate at this juncture, and that entering default is a step that minimizes expenditure of the Court's time and resources and saves Plaintiffs from the needless expenditure of time and resources inherent in full preparation for a multi-day jury trial that is virtually certain to never occur.

**RULE 55 MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PROJECT LONESTAR, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), undersigned counsel certifies that he has attempted to confer with Defendant Project Lonestar by reaching out by both email and telephone to: Michael Nakelah, 818.746.7376, michael@slaters5050.com, but has received no response to these attempts to confer. *See* Exh. C (documenting attempts to confer).

.

                         By: */s Daniel Nelson*

Date: December 19, 2025

                         Respectfully submitted,

                         */s Daniel Nelson*
                         Daniel Nelson
                         Bar No. 49904
                         dnelson@goodspeedmerrill.com
                         Phone: (720) 473-7644
                         Fax: (720) 473-7647
                         Goodspeed Merrill
                         9605 South Kingston Ct., Suite 200
                         Englewood, CO 80112

**RULE 55 MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PROJECT LONESTAR, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 19, 2025, I served copies of the foregoing on Project Lonestar by email and first-class mail, postage prepaid, to:

Project Lonestar
1620 Central Ave, Ste 202
Cheyenne, WY 82001

michael@slaters5050.com

                                         *s/ Daniel Nelson*
                                         Daniel Nelson